UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RESORT CONDOMINIUMS INTERNATIONAL, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>BETHEL COMMODORE CORP.; GIRI BANGOR, LLC; ALLEN CONNORS; MISSY RASOR a/k/a MARY ELIZABETH HANTZ; KERRY RASOR a/k/a KATHRYN E. RASOR; KATHY RASOR a/k/a KATHLEEN B. RASOR,<br><br>      Defendants. | Case No._____ |

COMPLAINT

Plaintiff Resort Condominiums International, LLC, by and through undersigned counsel, hereby alleges and complains against Defendants Bethel Commodore Corp.; Giri Bangor, LLC, Allen Connors, Missy Rasor, Kerry Rasor, and Kathy Rasor, as follows:

PARTIES

1. Plaintiff Resort Condominiums International, LLC ("Plaintiff," or "RCI") is a limited liability company. RCI has two members: RCI General Holdco 2, LLC, and Wyndham Destination Network, LLC. RCO General Holdco 2, LLC's sole member is Wyndham Destination Network, LLC. Wyndham Destination Network, LLC's sole member is Travel and Leisure Co., a Delaware Corporation with its principal place of business in Orlando, Florida.

2. Defendant Bethel Commodore Corp. ("BCC") was a Maine Corporation that maintains or maintained a principal place of business in Bethel, Maine. BCC was the owner of the Bethel Inn and Country Club in Bethel, Maine (the "Resort").

3. Defendant Giri Bangor, LLC ("GB") is a Maine limited liability company. Upon information and belief, all of GB's members are residents of Maine or Massachusetts and, upon

1

further information and belief, GB maintains a principal place of business in Quincy, Massachusetts. GB purchased the Resort from BCC.

4. Defendant Allen Connors ("Connors") is an individual. Upon information and belief, Connors resides in Bethel, Maine. Connors was an owner of interests in BCC.

5. Defendant Missy Rasor (also known as Mary Elizabeth Hantz) is an individual. Upon information and belief, Missy Rasor resides in Riverhead, New York. Upon information and belief, Missy Rasor was an owner of interests in BCC.

6. Defendant Kerry Rasor (also known as Kathryn E. Rasor) is an individual. Upon information and belief, Kerry Rasor resides in Raymond, Maine. Upon information and belief, Kerry Rasor was an owner of interests in BCC.

7. Defendant Kathy Rasor (also known as Kathleen B. Rasor) is an individual. Upon information and belief, Kathy Rasor resides in Stamford, Connecticut. Upon information and belief, Kathy Rasor was an owner of interests in BCC. Connors, Missy Rasor, Kerry Rasor, and Kathy Rasor are referred to collectively herein as the "Former Owner Parties."

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. On or around May 27, 1995, RCI's predecessor-in-interest entered into a certain Resort Affiliation and Owners Association Agreement (the "Agreement") with BCC.

11. The Agreement was renewed several times, and the current termination date of the Affiliation Agreement is November 27, 2025.

12. RCI operates an exchange program, which allows RCI's subscribing members to book timeshares at properties that are members of the exchange program, including the Resort.

13. The Agreement obligated BCC and any successor owner of the Resort to participate in the RCI exchange program by, among other things, honoring all confirmed timeshare exchanges at the Resort.

14. In Section 5.1.11 of the Agreement, BCC acknowledged that "it will not transfer any interest in the Resort unless the transferee agrees to be bound by the terms and conditions of this Agreement in the same manner as [BCC]."

15. In Section 8.4 of the Agreement, BCC agreed that its obligations "shall run with the real estate comprising the Resort and shall be binding upon any transferee of (or successor to) an interest in the Resort which operates such interest for commercial purposes."

16. In or about December, 2022, GB bought the Resort, including the real property upon which the Resort is situated, from BCC.

17. Upon information and belief, in or about December, 2022, Connors, Missy Rasor, Kerry Rasor, and/or Kathy Rasor caused BCC to be dissolved.

18. The foregoing transaction is evidenced by, among other things, a deed transferring title for the land upon which the Resort sits from BCC to GB. Such deed was signed by Connors.

19. Upon information and belief, in or about December, 2022, Connors, Missy Rasor, Kerry Rasor, and/or Kathy Rasor caused the assets of BCC to be distributed to the Former Owner Parties.

20. After GB purchased the Resort, it was bound by the obligations in the Agreement.

21. However, GB has breached the Agreement by refusing to comply with its terms.

22. On June 1, 2023, GB put a "hold" on Resort exchanges, thus preventing members of the RCI exchange program from booking at the Resort.

23. On June 29, 2023, Tori Hicinbothom, the general manager of the Resort, stated that "the sale of the resort was an asset purchase, and we didn't assume the [Agreement]."

24. Hicinbothom's assertion is belied not only by the terms of the Agreement, but also by property records, which show that GB did, in fact, purchase the land upon which the Resort is

situated from BCC. Hicinbothom's assertion is further belied by the fact that GB did, in fact, perform under the Agreement through May 31, 2023.

25. Thus, pursuant to the terms of the Agreement, GB is obligated to honor the terms of the Agreement.

26. However, in spite of this, on GB has stated that it will not book any new exchanges for RCI customers and it will not honor any RCI reservations after the end of October, 2023.

27. The foregoing constitutes a breach of the Agreement.

28. Moreover, to the extent that BCC transferred its interests in the Resort without assigning the Agreement, BCC breached the Agreement.

## COUNT I – BREACH OF CONTRACT (against BCC)

29. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated herein.

30. The Agreement constitutes a valid and enforceable contract.

31. In entering into the Agreement with Plaintiff, BCC was bound by the terms of the Agreement and was bound by the obligation to abide by implied standards of good faith and fair dealing.

32. BCC breached the Agreement, including by failing to transfer the obligations under the Agreement to GB.

33. Plaintiff has duly performed its obligations under the Agreement.

34. BCC's breach has harmed Plaintiff by, among other things, depriving it of the essential benefits of the Agreement and causing it to incur expenses to mitigate the harm caused by the breach.

35. As a direct and proximate result of BCC's material breach of the Agreement, Plaintiff is entitled to damages from BCC for breach of the Contract in an amount to be proven at trial, plus interest, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT (Against GB)

36. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated herein.

37. The Agreement constitutes a valid and enforceable contract.

38. When it purchased the Resort and the real property upon which the Resort is situated, GB assumed BCC's obligations under the Agreement and became bound thereby.

39. GB also accepted the benefits of the Agreement and performed under the Agreement until May 31, 2023.

40. GB breached the Agreement, including by failing to honor its obligations to book RCI exchange guests and members.

41. GB also committed an anticipatory breach of the Agreement by stating that it would not honor its obligations under the Agreement after October, 2023.

42. Plaintiff has duly performed its obligations under the Agreement.

43. GB's breach has harmed Plaintiff by, among other things, depriving it of the essential benefits of the Agreement and causing it to incur expenses to mitigate the harm caused by the breach.

44. As a direct and proximate result of GB's material breach of the Agreement, Plaintiff is entitled to damages from GB for breach of the Contract in an amount to be proven at trial, plus interest, costs, attorneys' fees, and any other relief the Court deems just and proper.

45. GB is also entitled to an order directing that GB perform its obligations under the Agreement.

## COUNT III – DISSOLVED CORPORATION LIABILITY (Against the Former Owner Parties)

46. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated herein.

47. All fully outlined above, in or about December, 2022, Connors, Missy Rasor, Kerry Rasor, and/or Kathy Rasor caused BCC to be dissolved.

48. Upon information and belief, in or about December, 2022, Connors, Missy Rasor, Kerry Rasor, and/or Kathy Rasor caused the assets of BCC to be distributed to the Former Owner Parties.

49. Such assets were distributed notwithstanding the fact that BCC continued to have contractual obligations to Plaintiff pursuant to the Agreement.

50. As set forth above, BCC breached the Agreement.

51. As a result, the Former Owner Parties are each liable to Plaintiff, to the extent of the distributions that they received from BCC, for BCC's liability as a result of BCC's breach of the Agreement.

52. As a direct and proximate result of BCC's material breach of the Agreement, Plaintiff is entitled to damages from the Former Owner Parties for breach of the Contract in an amount to be proven at trial, plus interest, costs, attorneys' fees, and any other relief the Court deems just and proper.

## COUNT IV – DECLARATORY JUDGMENT (Against the GB)

53. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully restated herein.

54. As fully outlined above, GB was assigned all of BCC's rights and obligations under the Agreement.

55. However, GB has stated that it does not have any obligations under the Agreement, despite the fact that it fully availed itself of the benefits of the Agreement for several months following its purchase of the Resort.

56. An actual, justiciable controversy therefore exists as to whether GB is obligated to perform its obligations as assignee of the Agreement.

57. Plaintiff is entitled to a declaration that GB is obligated to perform under the Agreement as an assignee of BCC's rights and obligations under the Agreement.

**WHEREFORE**, Plaintiff Resort Condominiums International, Inc. prays that a judgment be entered in its favor and against Defendants and requests that this Honorable Court:

A. Award Plaintiff its damages, plus interest and costs under Counts I - III of the Complaint;

B. Enter an order directing defendant Giri Bangor, LLC to perform its obligations under the Agreement as an assignee of such Agreement;

D. Enter an order declaring that defendant Giri Bangor, LLC is obligated to perform its obligations under the Agreement as an assignee of such Agreement.

C. Award Plaintiff its reasonable attorneys' fees and costs incurred in pursuing this litigation; and,

D. Award Plaintiff such other and further relief as this Court shall determine to be just and proper.

Dated: October 23, 2023

/s/ Steven P. Wright

Steven P. Wright (ME BBO #009473)
steven.wright@klgates.com
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, MA 02114
Tel: (617) 261-3164

-and-

Benjamin I. Rubinstein (*pro hac vice* forthcoming)
benjamin.rubinstein@klgates.com
K&L Gates LLP
One Newark Center
Tenth Floor
Newark, NJ 07102
Tel: (973) 848-4140

*Attorneys for Plaintiff*

7

316737360.4